IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

AUDREY DENISE ROBERTSON                                                              PLAINTIFF

VS.                                                                          CIVIL ACTION NO.3:10cv98-FKB

MINNIE COLEMAN, et al.                                                            DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Audrey Denise Robertson, a state inmate, brought this action pursuant to § 1983 complaining of her treatment by officials at the Rankin County Work Facility.  She alleges that Defendant Coleman, an official at the facility, harassed her, tampered with her mail, and gave her too many tasks on her work detail, and that Defendant Kevin Jackson, the warden of the facility, gave her RVR's when she had done nothing wrong and made her sit in the sun for three hours when temperatures were in the high eighties.  The court previously held a *Spears* hearing, and the parties have consented to jurisdiction by the undersigned.  Presently before the court are Plaintiff's motions for reassignment of her case to a different magistrate [54] and to appeal an unspecified decision by the undersigned [55].  Also before the court is Defendants' motion to dismiss for failure to exhaust administrative remedies.  Plaintiff has failed to respond to Defendants' motion. Having considered the complaint, Plaintiff's testimony at the *Spears* hearing, and the pending motions, the court rules as follows.

Plaintiff gives no reason whatsoever for requesting transfer of her case to a different magistrate.  This motion is denied.  She likewise fails to specify in her motion for appeal what decision she wishes to appeal.  This motion is likewise denied.

In their motion to dismiss, Defendants allege that Plaintiff has failed to exhaust her

administrative remedies. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his or her administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998).  This exhaustion requirement "applies to all inmate suits about prison life."  *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002).  In support of their motion, Defendants have submitted the affidavit of James Thames, the custodian of the Administrative Remedy Program records at Central Mississippi Correctional Facility, along the records concerning a grievance filed by Plaintiff in which she complains of numerous acts of harassment by Defendant Coleman.  The records clearly indicate that Plaintiff never completed the administrative process with regard to this grievance.

Furthermore, the undersigned concludes that none of Plaintiff's allegations rises to the level of a constitutional violation.  For this reason, the court concludes that the complaint should be dismissed with prejudice and this action dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(I).  A separate judgment will be entered.

So ordered, this the 11th day of March, 2011.

                          /s/ F. Keith Ball
                          UNITED STATES MAGISTRATE JUDGE